UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY TALMADGE LIVINGSTON, <br><br> Plaintiff, <br><br> v. <br><br> SECURITAS CRITICAL INFRASTRUCTURE SERVICES, INC., <br><br> Defendant. | Civil Action No. 24-5838-MEF-AME <br><br> ORDER |

**ESPINOSA**, Magistrate Judge

  This matter having come before the Court on defendant Securitas Critical Infrastructure Services, Inc.'s ("Defendant") motion to vacate default [D.E. 14]; and pro se plaintiff Bradley Talmadge Livingston ("Plaintiff") having opposed the motion [D.E. 15]; and

  **WHEREAS** Plaintiff filed this employment discrimination action on May 2, 2024, alleging Defendant terminated his employment on May 18, 2023, on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff thereafter served Defendant with the Summons and Complaint on May 16, 2024. *See* Proof of Service, D.E. 7; and

  **WHEREAS**, although Defendant's responsive pleading was due by June 6, 2024, pursuant to Federal Rule of Civil Procedure 12, none was filed by that deadline; and

  **WHEREAS** on June 7, 2024, the Clerk entered default against Defendant upon Plaintiff's request. On that same date, Plaintiff filed a motion for default judgment. *See* D.E. 10; and

1

**WHEREAS**, on August 7, 2024, Defendant filed this motion to vacate default pursuant to Federal Rule of Civil Procedure 55(c). Defendant explains that a responsive pleading was not filed because the Summons and Complaint were transmitted to counsel after business hours on the Friday before Memorial Day weekend and, through an inadvertent oversight, counsel failed to log the matter and calendar the date for responding to the Complaint. However, as soon as the oversight was detected on August 6, 2024, counsel immediately took steps to rectify the error by preparing and filing this motion to vacate default. *See* Olitt Decl. ¶¶ 5-6; and

**WHEREAS**, in further support of this motion, Defendant asserts it has a meritorious defense to Plaintiff's claims. Defendant, a company engaged in the provision of security services for various clients, maintains that shortly after it hired Plaintiff as a security officer, Plaintiff was criminally charged with domestic violence offenses. Defendant further maintains that Plaintiff was advised he could not commence work as a security officer at any of Defendant's client sites unless and until the pending charges were disposed of such that Plaintiff was found not guilty of assault. According to Defendant, the charges were not resolved until March 12, 2024, contradicting Plaintiff's allegations that he was wrongfully terminated in May 2023; and

**WHEREAS**, opposing the motion, Plaintiff asserts that Defendant had timely notice of this action and was properly served with the Summons and Complaint. He argues the Court should not excuse Defendant's failure to file a responsive pleading but should instead enter default judgment against it;[1] and

---

[1] Because Plaintiff is pro se, the Court construes his filings liberally. However, his opposition to this motion is somewhat inscrutable, as it references this action but requests that the Court enter judgment against Defendant in the amount of $143,200,000, "in satisfaction of a civil penalty" for violating federal election laws. *See* D.E. 15 at 2.

**WHEREAS** the Court may, in is discretion, "set aside an entry of default for good cause" Fed. R. Civ. P. 55(c); *see also Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951) (holding that the decision to vacate the entry of default is left to the court's sound discretion); and

**WHEREAS**, to determine whether there is good cause to set aside default, the Court must consider whether the plaintiff will be prejudiced, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984); and

**WHEREAS** it is generally favored that default be set aside so that a case may be decided on its merits. *Id.*; *see also Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) ("[W]e reiterate that as a general matter this court does not favor defaults and that in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."); and

**WHEREAS**, here, the Court finds good cause to set aside the Clerk's entry of default against Defendant. Plaintiff will not be prejudiced, as this case was filed only months ago. There is no indication that the short time elapsed between the original due date for Defendant's responsive pleading and its motion to vacate default has resulted in lost evidence or otherwise impeded Plaintiff's ability to pursue discovery and prosecute his claims. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982) (holding "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [default] judgement" may support finding of prejudice). Additionally, Defendant has stated a plausibly meritorious defense to Plaintiff's claims of employment discrimination, disputing his claims of racially motivated termination and contending Plaintiff was disqualified from working as a security officer due to

the pending domestic violence charges against him. Rule 55 does not require a defaulting party to prove that it will win at trial but merely to show that it has a defense with *prima facie* merit, *see Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987), and here, Defendant has made that showing. Finally, the record demonstrates that Defendant's failure to file a responsive pleading within the time provided by Rule 12 was not the result of any culpable conduct but rather due to a clerical error and miscommunication between Defendant and its counsel. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) (holding a defendant's culpability in connection with default must rise to "more than mere negligence"); and

**WHEREAS**, for the foregoing reasons, the Court concludes the relief requested by Defendant is warranted. Setting aside default against Defendant is consistent with the policy favoring resolution of a case on its merits. Indeed, in the event the relief sought on this motion is granted, Defendant requests permission to file its Answer promptly, indicating it stands ready to defend against Plaintiff's claims;[2] therefore,

**IT IS** on this 7th day of November 2024

**ORDERED** that Defendant's motion to vacate default [D.E. 14] is granted; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(c), the Clerk's entry of default against Defendant shall be set aside; and it is further

**ORDERED** that Defendant shall answer, move or otherwise respond to the Complaint on or before November 14, 2024; and it is further

---

[2] While this motion and Plaintiff's motion for default judgment were pending, Plaintiff also filed a motion for summary judgment. *See* D.E. 23. That motion is both procedurally improper and premature, particularly in view of this Order's conclusion that the parties should proceed to litigate this action on the merits, including conducting discovery on the claims and defenses.

**ORDERED** that the Clerk shall administratively terminate Plaintiff's motion for default judgment [D.E. 10] as moot; and it is further

**ORDERED** that the Clerk shall administratively terminate Plaintiff's motion for summary judgment [D.E. 23] as premature.

       /s/ *André M Espinosa*
       ANDRÉ M. ESPINOSA
       United States Magistrate Judge