NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRADLEY TALMADGE LIVINGSTON, | : | **Civil Action No. 24-5838-MEF-AME** |
| Plaintiff, | : | **OPINION and ORDER** |
| v. | : |  |
| SECURITAS CRITICAL INFRASTRUCTURE SERVICES, INC., | : |  |
| Defendant. | : |  |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion filed by pro se plaintiff Bradley Talmadge Livingston ("Plaintiff") for recusal of the Magistrate Judge assigned to this action [D.E. 47]. Defendant Securitas Critical Infrastructure Services, Inc. opposes the motion. For the following reasons, the motion is denied.

Plaintiff moves for recusal on grounds that "the said judge is biased and prejudiced against the plaintiff … and that he is biased and prejudiced in the context of the case." (Mot. at 1.) Yet, while Plaintiff claims to state the specific basis for this contention in his affidavit supporting his motion, he fails therein to identify a single instance of purported bias. Instead, he provides a summary of his understanding of the process for issuing scheduling orders under Federal Rule of Civil Procedure 16 and recognizes that, under 28 U.S.C. § 636, this Court has authority to issue such orders.

1

Plaintiff also attaches a copy of partial docket of this action, reflecting entries made between November 7, 2024, and January 2, 2025. That document draws attention to two highlighted entries: (1) the November 7, 2024 Order granting Defendant's motion to vacate, terminating Plaintiff's motion for default judgment as moot, and terminating Plaintiff's motion for summary judgment as premature [D.E. 24]; and (2) the December 10, 2024 Order scheduling an initial conference under Rule 16 [D.E. 32]. However, Plaintiff provides no explanation for how these orders reflect bias or prejudice, and mere speculation concerning such matters does not warrant recusal. "Recusal is not required on the grounds of unsupported, irrational, or highly tenuous speculation." *In re Burnett*, 740 F. App'x 235, 236 (3d Cir. Oct. 26, 2018) (cleaned up). Additionally, insofar as Plaintiff's motion may be construed as seeking recusal because, in his view, the Court erred in its rulings, Plaintiff's disagreement with Court orders fails to establish a basis for recusal. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) ("Adverse legal rulings are not proof of prejudice or bias, and are almost never a basis for recusal." ) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Accordingly,

**IT IS** on this 9th day of May 2025,

**ORDERED** that Plaintiff's motion for recusal [D.E. 47] is **DENIED**.

/s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge