NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| BRADLEY T. LIVINGSTON, | : | |
| | : | **Civil Action No. 24-05838-MEF-AME** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION and ORDER** |
| | : | |
| SECURITAS CRITICAL | : | |
| INFRASTRUCTURE SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion filed by pro se plaintiff Bradley T. Livingston ("Plaintiff") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 67]. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

**I.    BACKGROUND**

Plaintiff filed this action on May 2, 2024, seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for the allegedly unlawful termination of his employment based on race by Defendant Securitas Critical Infrastructure Services, Inc. ("Defendant"). Thereafter, with leave of Court, Plaintiff filed an Amended Complaint, adding a claim under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"), for Defendant's alleged failure to pay him the appropriate minimum hourly wage and/or overtime compensation. On April 14, 2025, Plaintiff filed this motion for appointment of pro bono counsel.

1

## II.    DISCUSSION

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

Here, Plaintiff asserts he needs legal representation because the action involves complex issues of law and fact and because he lacks the legal expertise required to effectively present his case. He also states that, despite his diligent efforts to secure counsel, he has been unsuccessful in retaining an attorney. Additionally, Plaintiff asserts he cannot afford to hire counsel, noting he proceeds in this action *in forma pauperis* ("IFP").

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155.) If the claim has some merit, the Court should consider the following factors:

1.  the plaintiff's ability to present his or her own case;

2.  the difficulty of the particular legal issues;

3.  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4.  the plaintiff's capacity to retain counsel on his or her own behalf;

5.  the extent to which a case is likely to turn on credibility determinations; and

6.  whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

For purposes of this motion only, the Court will assume this action has some arguable merit in fact and law, thus satisfying the threshold requirement for appointment of counsel. Nevertheless, an analysis under the *Tabron* factors militates against appointing pro bono counsel to represent Plaintiff. The Court will consider the six factors in turn.

First, Plaintiff has demonstrated he is able to present his own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Plaintiff's various filings to the Court demonstrate he is not only literate, but displays a firm command of legal terminology, the factual basis for his action, applicable statutes, and the litigation process. He successfully moved for leave to amend the complaint under Federal Rule of Civil Procedure 15, cogently presenting the basis for his new claim under the FLSA and providing the Court with a proposed amended pleading, as required by Local Rule 15.1. He has filed other motions for relief from this Court, including a motion for default judgment, a motion for summary judgment, and a motion for sanctions against Defendant. Plaintiff also appealed to the Third Circuit from one of this Court's interlocutory orders. Although Plaintiff has not succeeded in obtaining the relief sought on those motions and other submissions, he has demonstrated an ability to navigate the filing process and to ably present his arguments and

3

requests. For these reasons, the first *Tabron* factor weighs heavily against Plaintiff's request for the appointment of counsel.

Second, this action does not involve overly complex legal or factual issues. The case revolves around the straightforward allegations that Defendant terminated Plaintiff's employment based on his race and failed to compensate him for his training shifts and other work performed in accordance with the minimum hourly wage laws. This factor also weighs against appointment of counsel.

Third, this action is not likely to require extensive or complicated discovery. The claims arise out of a narrow set of facts, revolving around the circumstances of Plaintiff's alleged termination and pay received for his work hours, as set forth in the Amended Complaint. Written interrogatories, document demands, and depositions will likely be required to explore Plaintiff's allegations, but he has demonstrated his capability to access resources, draft legal documents, and review case filings. Indeed, he has filed motions asking the Court to compel Defendant to respond to his discovery requests. Although those motions were denied as premature, Plaintiff has shown he is able to pursue discovery without an attorney.

Fourth, the Court must consider whether Plaintiff can afford counsel. Typically, this factor depends on whether the movant has been granted IFP status. *Montgomery*, 294 F.3d at 505. Here, Plaintiff proceeds IFP, upon a showing of indigency. However, Plaintiff's inability to afford counsel does not, by itself, warrant granting his request for pro bono counsel.

Fifth, the Court must consider whether the action depends on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Insofar as Plaintiff has alleged his employment termination was racially motivated, which Defendant denies, it appears his Title VII claim may depend, in

part, on the anticipated and potentially competing testimony by Plaintiff and any witnesses disclosed by Defendant. However, there is no indication the Title VII claim will be "solely" a swearing contest, and Plaintiff has not identified any insurmountable difficulty in exploring any credibility issues that may arise.

Sixth, the Court must consider whether the action may require expert testimony. Although this action is in its earliest stages, neither the Amended Complaint nor Plaintiff's motion for appointment of counsel indicate that expert testimony will be needed. Thus, this factor also weighs against granting the request for pro bono counsel.

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action under Section 1915. *Parham*, 126 F.3d at 458. Here, Plaintiff has demonstrated an ability to prepare and file documents without the assistance of counsel, as well as knowledge of the procedural and substantive matters involved in pursuing this action. The totality of the *Tabron* framework militates against allocating the scarce resource of pro bono counsel to represent Plaintiff in this action.

## III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes, in its discretion, that appointment of pro bono counsel to represent Plaintiff is not warranted. Accordingly,

**IT IS** on this 30th day of June 2025,

**ORDERED** that Plaintiff's motion for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 67] is **DENIED**.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

5